UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 10-41-JMH |
| ) | |
| v. ) | |
| ) | |
| DEREK ALBERT CAPOZZI, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendant. ) | |
| ) | |

\*\* \*\* \*\* \*\* \*\*

At the close of proceedings on October 21, 2010, the Court declared a mistrial in this matter. This opinion is intended to memorialize the decision and reasoning of the Court should this matter be taken up for further review.

In reaching its decision to declare a mistrial and reset this matter for trial anew, the Court considered (1) the timely objection of the defendant, (2) the jurors' collective opinion that they could not agree, (3) the length of the deliberations, (4) the length of the trial, (5) the complexity of the issues presented to the jury, (6) the prior communications received from the jurors, and (7) the effects of possible exhaustion, as well as the impact that the coercion of further deliberations might have on the jury. *In re Ford*, 987 F.2d 334 (6th Cir. 1992); *United States v. Carraway*, 108 F.3d 745 (7th Cir. 1997).

Specifically, the Court took into consideration the two

messages from the jury which indicated that they found themselves deadlocked, one message which was received following the Court's provision of the *Allen* charge as a supplemental instruction to the jury. It considered the results of its poll of the members of the jury in which each of the twelve agreed that further deliberation would not permit them to reach a verdict. *United States v. Larry*, 536 F.2d 1149 (6th Cir. 1976). Further, the Court had before it the fact that this was a matter concerned with an alleged violation of 18 U.S.C. § 751(a), which "should be [a] simple affair []. . . [as] the key elements are capable of objective demonstration." *United States v. Bailey*, 444 U.S. 394, 417 (1980). Additionally, the Court considered that the jury deliberated for approximately five hours while the presentation of evidence on direct and cross-examination lasted for approximately two hours and ten minutes and the presentation of opening and closing arguments took approximately 40 minutes of time in court. Of course, the Court was aware that, with respect to voir dire and all trial proceedings including those arguments during which the jury was absent from the courtroom and various recesses, the trial of this matter spanned three days. In considering the above facts and factors, the Court was ever mindful of the effects of possible exhaustion and the impact that the coercion of further deliberations might have on the jury. Finally, the Court heard Defendant's timely objection to the declaration of a mistrial and declined to agree.

For all of these reasons, the decision of the Court stands. This the 22nd day of October, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge